UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Bruce Belton

    v.                              Civil No. 09-cv-345-JD

United States of America

O R D E R

    Bruce Belton filed a pro se petition, pursuant to 28 U.S.C. § 2255, to set aside his conviction and sentence. He asserts that his defense attorney, Paul Garrity, provided ineffective assistance of counsel. The government asked Attorney Garrity to discuss Belton's allegations, but Attorney Garrity said that he believed that the attorney-client privilege applied, and that he would not discuss Belton's allegations until Belton signed a waiver of that privilege. The government now moves for an order directing Belton to sign a release, waiving his attorney-client privilege and authorizing Attorney Garrity "to answer any and all questions posed to him by [AUSA Maldonado-Quiñones] insofar as they relate to [Belton's] Motion Under 28 U.S.C. § 2255."

    As the government points out, various courts have recognized the incompatibility of habeas petitions and assertions of attorney-client privilege. See, e.g., Strickland v. Washington, 466 U.S. 668, 691 (1984) ("[I]nquiry into counsel's conversations with the defendant may be critical to a proper assessment of

counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions."); In re Lott, 424 F.3d 446, 452-53 (6th Cir. 2005) ("The [attorney-client] privilege may be implicitly waived by claiming ineffective assistance of counsel or otherwise raising issues regarding counsel's performance."); Osband v. Woodford, 290 F.3d 1036, 1042 (9th Cir. 2002) ("[A] petitioner in a habeas corpus action who raises a Sixth Amendment claim of ineffective assistance of counsel waives the attorney-client privilege as to the matters challenged."); Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001) ("[A] party waives its attorney-client privilege when it injects into this litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct.") (internal quotation marks omitted).

The court is concerned that Belton may not have understood that by filing a § 2255 petition, he has waived his attorney-client privilege as to the matters he has raised in his petition. "The attorney-client privilege protects confidential communications between attorneys and clients seeking legal advice." Goss Int'l Americas, Inc. v. MAN Roland, Inc., Op. No. 2006 DNH 063, 2006 WL 1575546, at *1 (D.N.H. June 2, 2006); see also United States v. Bisanti, 414 F.3d 168, 171 (1st Cir. 2005),

State of Maine v. U.S. Dep't of the Interior, 298 F.3d 60, 70-71 (1st Cir. 2002).  The privilege protects conversations, documents, emails, and any other types of communication.  See id. Put simply, the attorney-client privilege is a legal rule that means that Belton can keep secret anything he and Attorney Garrity said or wrote to one another regarding Belton's legal case.  Not only can Belton refuse to discuss it or testify about it, but Attorney Garrity must also refuse to discuss it or testify about it.

The client holds the privilege, however, and can waive it, that is, give up the privilege, if he wishes to do so.  See, e.g., Bisanti, 414 F.3d at 171.  If a client gives up the privilege with regard to certain issues, those issues are no longer confidential.  In this case, if he chooses to do so Belton can give up the privilege regarding the issues he raises in his § 2255 petition, and then Attorney Garrity will be required to respond to the petition and the accompanying memorandum by filing an affidavit.  Furthermore, if an evidentiary hearing is held, Attorney Garrity may be called to testify about the issues Belton has raised.

Therefore, the court notifies Belton that he has three choices to consider in this matter and he should choose the one that he finds acceptable to him.

1) Belton may choose to withdraw his § 2255 petition, which preserves his attorney-client privilege. The case will be closed. Under this option Belton will be able to keep all the communications between himself and Attorney Garrity secret.

2) Belton may proceed with his petition and give up his attorney-client privilege as to matters he has raised in his petition and memorandum. If Belton chooses this option, the court will require Attorney Garrity to respond in an affidavit to each of the allegations in Belton's petition and memorandum, and if an evidentiary hearing is necessary, Attorney Garrity may be called to testify concerning those matters.

3) Belton may proceed with his petition but choose not to waive his attorney-client privilege. If he chooses this option, the court will address his petition based on the existing record, and there will be a presumption that Attorney Garrity's representation was not ineffective. See, e.g., Chandler v. United States, 218 F.3d 1305, 1324 (11th Cir. 2000).

Belton shall inform the court in writing whether he chooses option 1, option 2, or option 3, and the court will proceed accordingly.

## Conclusion

For the foregoing reasons, the government's motion requesting an order directing Belton to sign a waiver of his attorney-client privilege (document no. 8) is denied. Belton shall file, **on or before March 22, 2010**, a notice stating whether he intends to proceed under option 1, option 2, or option 3, as discussed above.

The clerk of court shall forward a copy of Belton's § 2255 petition (document no. 1), his memorandum (document no. 5), and this order to Attorney Garrity.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

February 23, 2010

cc:  Bruce Belton, pro se
     Aixa Maldonado-Quinones, Esquire
     Paul Garrity, Esquire